**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMERICAN TECHNOLOGY INCORPORATED,**

                **Plaintiff,**

**-vs-**                                              **Case Nos.  6:11-cv-108-Orl-22GJK**

**NAC GROUP, INC.,**

                **Defendant,**

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR FFES [sic] AND COSTS** (Doc. No. 253) |
| **FILED:** | **February 22, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

**I.     BACKGROUND.**

On April 1, 2010, in Case No. 6:10-cv-488-Orl-22GJK, American Technology Incorporated ("ATI") filed suit against, among others, NAC Group, Inc. ("NAC"), Velocity Micro, Inc. ("Velocity"), Frozencpu.com ("Frozencpu"), Silicon Mountain Holdings ("Silicon"),

Cybertron International, Inc. ("Cybertron"), and American Future Technology Corporation ("AFTC") (collectively, the "Defendants") alleging direct infringement of U.S. Patent No. 6,411,512 (the "'512 Patent"), inducement of direct infringement and contributory infringement. Doc. No. 1. On May 10, 2010, NAC filed a motion to dismiss the complaint for failure to state a claim. Doc. No. 62. On January 24, 2011, the Court denied NAC's motion to dismiss. Doc. No. 240. On that same date, the Court severed ATI's claims against the Defendants into six new cases (6:11-cv-108-Orl-22GJK, 6:11-cv-109-Orl-22GJK, 6:11-cv-110-Orl-22GJK, 6:11-cv-111-Orl-GJK, 6:11-cv-112-Orl-22GJK, and 6:11-cv-113-Orl-22GJK). Doc. No. 240 at 13-14, 16 ¶ 8.[1]

On February 9, 2011, before NAC filed an answer, ATI filed a voluntary notice of dismissal without prejudice pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure. Doc. No. 250. On February 14, 2011, the Court entered an order closing the case. Doc. No. 252. On February 22, 2011, NAC filed a Motion for Fees and Costs (the "Motion"). Doc. No. 253.

In the Motion, NAC requests "approximately" $80,000.00 in attorneys' fees and costs pursuant to this Court's inherent authority because of ATI's alleged bad faith in brining this action. Doc. No. 253 at 4-5. Alternatively, or at a minimum, NAC requests an award of attorneys' fees and costs pursuant to the Court's inherent authority for having to file a response (Doc. No. 249) to ATI's motion to compel (Doc. No. 243).[2] Although the Motion is not brought pursuant to Rule 11, Federal Rules of Civil Procedure, NAC contends that the complaint was

---

[1] The docket entries cited in this order may all be found in Case Number 6:11-cv-108-Orl-22GJK.
[2] ATI filed its notice of dismissal two days after NAC filed its response to the motion to compel. *See* Doc. Nos. 249-250. The case was closed five days later without a ruling on the motion to compel. Doc. No. 252.

filed in bad faith, without the required pre-suit investigation by ATI, warranting an award of fees pursuant to the Court's inherent authority. Doc. No. 253 at 4, 6 (citing *Thomas v. Early County, GA*, 360 Fed.Appx. 71, 75 (11th Cir. 2010); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991); *F&G Research, Inc. v. Google, Inc.*, 2007 WL 2774031 at *18 (S.D. Fla. 2007). More specifically, NAC asserts that:

> ATI did not conduct an adequate pre-suit investigation, alleging infringement as to a total of 15 co-defendants, who may or may not have ever sold products similar to the '512 patent. ATI did not reasonably interpret the scope of the '512 patent claims – nor did it apply those reasonably interpreted claims to NAC's actual products. Finally, ATI needlessly prolonged the litigation, wasting judicial resources, in an effort to engage in a fishing expedition and/or obtain a settlement by driving up defense fees and costs.

Doc. No. 253 at 5. NAC attaches two affidavits in support of the Motion. Doc. Nos. 253-1, 253-2. Johnathan Stanton, NAC's Chief Executive Officer (the "CEO"), provides an affidavit stating:

> NAC has consistently stated that it did not believe that it ever made, used, sold, or imported . . . any of the alleged infringing cooling devices. However, it was difficult for NAC to determine what technology was in fact in the products it sold due to the sheer volume of parts that are purchased by NAC and distributed to customers and the fact that NAC does not design or manufacture the parts themselves. After a substantial investigation, NAC has determined that it does not make, use, sell or import . . . ANY cooling devices having a "heat pipe." NAC is unaware of any products that it has ever made, sold, used or imported in the United States any [sic] cooling device having a heat pipe. Additionally, now, after a full investigation, NAC has determined that it does not manufacture, sell, offer for sale or import ANY cooling devices having a "heat exchanger."

Doc. No. 253-1 at 1-2 (emphasis removed). John Wiley Horton, Esq., NAC's lead counsel, provides an affidavit stating the difficulty and costs involved in responding to the motion to

compel. Doc. No. 253-2. Mr. Horton stated that after receiving ATI's motion to compel, he informed ATI and its counsel that NAC was "unable to identify whether it has made, used, sold, or imported into the United States a cooling device having at least one heat pipe without undue burden." Doc. No. 253-2 at 3. In the affidavit, Mr. Horton states that NAC has incurred approximately $80,000.00 in attorneys' fees and cost during the litigation. Doc. No. 253-2 at 3. In the Motion, NAC did not attach any other documentation supporting the amount of attorneys' fees requested. Based on the foregoing, NAC requests that the Court exercise its inherent authority to award attorneys' fees and costs.

On March 10, 2011, ATI filed a response (the "Response") arguing that the Motion should be denied because: NAC fails to provide any evidence or point to any action of ATI indicating bad faith or a failure to engage in a pre-suit investigation; attorneys' fees are not available in a patent case where a defendant is voluntarily dismissed without prejudice before filing an answer (citing *RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1352-53 (Fed. Cir. 2007)); in a patent case, attorneys' fees are only awardable to the prevailing party in exceptional cases, and NAC is not a prevailing party (citing 35 U.S.C. § 285; Park-Ohio Industries, Inc. v. Letica Corp., 617 F.2d 450, 454 (6th Cir. 1980) ("An award of attorney's fees cannot stand absent a specific finding by the district court that brings the case within the meaning of the term "exceptional" as set forth in 35 U.S.C. § 285.")); attorneys' fees are not available under Rule 41 or Rule 54, Federal Rules of Civil Procedure; and NAC fails to provide any evidence, other than vague damages, as to the amount of attorneys' fees and costs incurred. Doc. No. 254 at 2, 5-7, 10-12. ATI also asserts that the case law relied upon by NAC does not support its position because those cases involved egregious conduct and not a voluntary dismissal

4

without prejudice before an answer was filed. Doc. No. 254 at 7-9. ATI contends that NAC "fails to cite to a single case in which a plaintiff was sanctioned [through the Court's inherent authority] following its voluntary dismissal without prejudice." Doc. No. 254 at 9.

In support of its position that it conducted a sufficient pre-suit investigation prior to filing suit, ATI submits the declaration of its counsel, Kevin I. Shenkman, Esq. Doc. No. 255. In the declaration, Mr. Shenkman states the following:

> At the time the Complaint against [NAC] was filed . . ., [ATI] and I were aware that NAC distributed products for Delta Electronics, Inc. and Aaeon Technology, Inc., two Taiwanese companies that manufactured cooling devices of the sort claimed in the '512 Patent. We were also aware that NAC distributed those particular cooling devices. I compared those cooling devices to the claims of the '512 patent and determined that they infringed the '512 patent.
>
> ATI served NAC with interrogatories and requests for production of document on July 8, 2010 and July 21, 2010, respectively. . . . In response to those interrogatories seeking information concerning the heat pipe cooling devices sold by NAC, NAC did not respond – as it contends now – that it has never sold such a cooling device. Rather, NAC refused to answer these interrogatories, arguing instead that it was "unable to identify where it has made, used, sold, or imported into the United States a cooling device having at least one heat pipe without undue burden." . . . . I made several attempts to meet and confer with NAC's counsel by letters and phone calls – all of which went unanswered – but NAC never supplemented its responses to ATI's interrogatories. Nor did NAC produce a single document in response to ATI's requests.
>
> After NAC's motion to dismiss was denied, ATI re-evaluated the economics of its case against NAC. Upon further investigation, ATI found that NAC was no longer distributing products for Aaeon Technologies, Inc. and had reduced its product offerings from Delta Electronics, Inc. As such, it was likely no longer infringing on the '512 Patent. Accordingly, the economic value of proceeding with this case was perceived as small compared with the costs of continuing litigation against NAC and ATI decided to voluntarily dismiss this case without prejudice. . . .

5

Doc. No. 255 at 2-3 (emphasis added). Thus, ATI maintains that it had a good faith basis for suing NAC because it identified two manufacturers that sold products that infringed on the '512 Patent, NAC was a distributor for those manufacturers and ATI was "aware that NAC distributed those particular cooling devices." *Id*. Accordingly, ATI requests that the Motion be denied.

On May 2, 2011, NAC filed a reply (the "Reply") to the Response attaching affidavits and time sheets supporting the amount of attorneys' fees claimed in the Motion. Doc. No. 261. In support of its position that ATI acted in bad faith, NAC states:

> [T]his [c]ase presents facts that ATI abused the judicial process by using the Court's resources to engage in a fishing expedition, bring [sic] a complaint without the required pre-suit investigation and needlessly extend [sic] litigation. ATI's [R]esponse indicates that it did not take the necessary precautions to bring the present suit. ATI declares that it ". . . was informed that NAC distributed these particular cooling devices." ATI is unable to identify any "particular" cooling devices because it simply is not able to do so. ATI does not identify a part number, model number or trade name. Further, ATI is elusive as to how it was "informed," thereby conceding that it never obtained an actual product from NAC itself. NAC has presented evidence that it has never sold any devices having at least one heat pipe. ATI essentially admits that this suit was based on the premise that NAC sold some products from the two manufacturers identified. There is no basis in law to sue and entity for patent infringement where the only investigation analysis is whether the entity sells some product from a potential infringing manufacturer.

Doc. No. 261 at 3 (emphasis added, and original emphasis omitted). Thus, NAC maintains ATI's stated basis for suing NAC is too vague in terms of what specific cooling devices infringed upon the '512 Patent, is essentially based on a false assumption that NAC had sold some of the products from the two alleged infringing manufacturers, and there was no basis for that assumption. *Id.*

## II.  ANALYSIS.

NAC seeks attorneys' fees based solely on the Court's inherent authority. Doc. Nos. 253, 261. The Court has the inherent authority to control the proceedings before it, which includes the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). "To exercise its inherent power a court must find that the party acted in bad faith." *Martin*, 307 F.3d at 1335 (emphasis added). "Inherent powers must be exercised with restraint and discretion." *Footman v. Cheung*, 341 F.Supp.2d 1218, 1224 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). Thus, a movant must show that a party and/or an attorney pursued objectively untenable factual or legal positions by acting in bad faith.

NAC alleges that ATI and its attorneys acted in bad faith by failing to engage in a meaningful and sufficient pre-suit investigation. Doc. No. 253 at 4. NAC also alleges that ATI and its attorneys acted in bad faith by bringing the motion to compel, a motion that was not ruled on before the case was closed. Doc. No. 253 at 6-9. The evidence shows that prior to filing the complaint ATI did some investigation to determine that NAC was a distributor for two companies that manufactured "cooling devices of the sort claimed in the '512 Patent." Doc. No. 255 at 2. ATI's counsel compared those cooling devices to the claims of the '512 Patent and determined that they infringed on the patent. *Id*. ATI further states that it was "aware NAC distributed those particular cooling devices." *Id*.

NAC is correct in pointing out that ATI's stated basis for suing NAC is quite vague. ATI provides no specifics in terms of: 1) what product or products the two manufacturers produced that allegedly infringed the '512 Patent; 2) support for the conclusory statement it was "aware

that NAC distributed those particular cooling devices"; and 3) whether that last statement means NAC simply offered the devices for sale or actually sold them.  NAC acknowledges that it was unable to identify, until after completing a thorough investigation at some unspecified time after the motion to compel was filed, whether it made, used, sold, or imported into the United States a cooling device having at least one heat pipe.  Doc. Nos. 253-1 at 1-2; 253-2 at 3.

While it appears ATI could have done a much better job investigating the factual basis for its allegations and in providing specific facts to support its belief NAC was infringing on the '512 Patent, there is no evidence showing ATI or its attorneys acted in bad faith either during their pre-suit investigation or in bringing the motion to compel.  Accordingly, it is recommended that the Court find that NAC has failed to make a threshold showing of bad faith and, therefore, **DENY** the Motion (Doc. No. 253).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** at Orlando, Florida on July 15, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties